Supreme Court—State v. Pennsylvania Railroad Co.

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
THE PENNSYLVANIA RAILROAD COMPANY, A COR-
PORATION OF PENNSYLVANIA, PLAINTIFF IN ERROR.

Decided June 15, 1925.

Crimes—Manslaughter—Defendant, a Railroad Company, Con-
victed of Responsibility For Death of Another Because of
an Explosion in One of Its Cars—Trial Court Charged That
the Jury Might Find That Defendant's Failure to Print Rules
to Govern Employes in Such an Emergency Was Neglect
of Its Public Duty—This is Error—Judgment Reversed.

On writ of error to the Middlesex County Court of Quarter
Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff in error, *Theodore Strong.*

For the defendant in error, *Joseph E. Stricker.*

PER CURIAM.

The above case was removed to this court by a writ of error
directed to the Middlesex County Court of Quarter Sessions.
The writ brings up the conviction of the Pennsylvania Rail-
road Company upon an indictment for the manslaughter of
Horace Kemmener. The complete record made at the trial
has been certified to this court. The case is before us on
assignments of error and reasons for reversal.

On September 6th, 1923, a stevedore of the Atlas Powder
Company was loading smokeless powder in several freight
cars at a pier of the Pennsylvania Railroad Company at
South Amboy. During the progress of the work of loading
the powder a wooden freight car caught fire without negli-
gence on the part of the railroad company. The car was at
a point where a number of boats with persons upon them were

tied to the pier. An engineer of the railroad company, who was not on duty at the time, backed his engine down to the burning car and attached it to the train. Without a crew he drew the train to a point some five hundred yards west of where the railroad crosses upon a bridge a highway. The burning car was between two other cars. The three cars were cut off and a block placed under them. The burning car was there for a short time when the fire was communicated to a steel car containing powder. This caused a flare. Horace Kemmener was, at the time of the flare, riding in an automobile on the highway. He was burned to death by coming in contact with the fire which fell from the track to the highway. The block holding the cars in position had been burned, causing the cars to drift towards the bridge crossing the highway.

We have examined the large number of assignments of error and reasons for causes for reversal which have been filed. We feel, however, that it is only necessary to consider one of the assignments of error. This is the assignment of error which deals with that portion of the charge made by the trial court, which reads as follows: "It has been urged by the prosecutor that the failure of this company to print any rules that would govern the action of its employes in an emergency of this kind, constitutes failure on its part to perform a plain duty to the public. It is for you to say whether that is so, or not, under the evidence in this case. You may not infer; you may not go outside of the evidence that has been produced here before you."

In these words the trial judge left it to the jury to determine whether the failure of the defendant company to provide rules to govern its employes in the emergency with which they were confronted constituted a failure to have enacted rules as to the conduct of employes in an emergency which could not be foreseen is sufficient ground for a jury to be permitted to hold a defendant liable for manslaughter. A railroad company could not be expected to provide rules to govern their employes in every emergency. Yet under the portion of the charge quoted above, if any emergency arose for

which no rules had been formulated, a jury would be warranted in finding the defendant guilty. To absolve itself a railroad company must have rules for every emergency or be liable to conviction for manslaughter. There was no evidence that other railroad companies had enacted rules to govern their employes in such a situation as was presented in the present case. It would, in fact, be impossible for a railroad company to anticipate such a situation as arose in the present case, yet a failure to anticipate the impossible and to provide rules of action was made by this portion of the charge of the trial judge a sufficient ground for the jury to find the defendant guilty as charged. Acts of employes may make a defendant company guilty of gross negligence, but such negligence cannot, we think, be predicated upon a failure to enact rules to govern an unforeseen and unusal emergency. As the jury may have found the defendant guilty upon the law as expounded in this portion of the charge, we have reached the conclusion that the judgment of conviction should be reversed.

The judgment is accordingly reversed.